UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANDREW DAVID HALL,

      Plaintiff,

v.                         Case No.  3:14cv140/MCR/CJK

C.O. MOORE., et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court upon defendants Gielow, Hood and Thornhill's motion to dismiss plaintiff's request for compensatory and punitive damages.  (Doc. 34).  Plaintiff opposes the motion. (Doc. 40).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  Upon careful consideration, the court concludes that defendants' motion should be denied.

BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff is an inmate of the Florida penal system currently confined at Jackson Correctional Institution.  On March 20, 2014, plaintiff filed this § 1983 action against prison officials at Santa Rosa Correctional Institution ("Santa Rosa CI"), claiming they were deliberately indifferent to his health and safety when they refused to honor

a medical pass authorizing him to be housed in a low-tier cell due to a medical condition affecting his leg. Plaintiff describes his condition as "paralysis injury to my nerves, a drop foot causing my right leg to not function normally, having to drag it, while struggling to walk." (Doc. 20 ¶ 4).[1]  Plaintiff alleges in support of his claims that on March 13, 2013, while confined at Santa Rosa CI, he was issued a medical pass, effective March 13, 2013, to March 13, 2014, for a low/bottom bunk, restricted activity, low-tier cell, AFO brace for his right foot, shoe strings and soft shoes. (Doc. 20 ¶ 27; *see also* Doc. 1, Ex. B).  The medical staff member who issued the pass, ARNP Nichols, gave a copy of the pass to plaintiff and a copy to the security officers escorting him (defendants Hood and Thornhill), and instructed the officers to have plaintiff housed on a low tier. (*Id*. ¶ 28).  Hood and Thornhill advised Nichols that the Classification Department, not the Security Department, was in charge of housing inmates, but that they would contact Classification to have plaintiff housed on a low tier. (*Id*. ¶ 29).  Hood and Thornhill returned plaintiff to his dormitory and ordered him to climb the stairs to his cell, which was on the top tier. (*Id*. ¶¶ 30-31).  Plaintiff protested, but was threatened with physical force and disciplinary action if he did not comply.  Plaintiff returned to his cell.  Plaintiff remained assigned to a top-tier cell for several days and complained repeatedly to security staff that his housing did not comply with his medical pass.  Plaintiff's complaints were ignored. (*Id*. ¶ 32).  At

---

[1]The operative pleading is plaintiff's third amended complaint.  Although the third amended complaint names six defendants, the court dismissed plaintiff's claims against three defendants (Correctional Officer Moore, Sergeant Diamond and Nurse Simpson) for failure to state a claim upon which relief may be granted. (*See* Docs. 23, 26).  The case was remanded to the undersigned for further proceedings on plaintiff's individual capacity Eighth Amendment claims against defendants Correctional Officer L. Hood, Sergeant R. Thornhill and Lieutenant W. Gielow.  (Doc. 26).  Defendants Hood and Gielow were served on March 3, 2015, and defendant Thornhill was served on March 5, 2015.  (Doc. 32).

one time plaintiff stopped defendant Gielow (the head of security for plaintiff's dormitory) during a security check, complained about his top-tier cell assignment and displayed a copy of his medical pass.  Gielow asked plaintiff if his leg was broken.  When plaintiff described his condition, Gielow responded, "This is not the Hilton Hotel, we don't cater to monkey business, so stay off my door and don't let me hear about your whining to my officers anymore."  (*Id*. ¶ 32).

On April 15, 2013, at 7:40 a.m., plaintiff exited his cell to attend the dayroom.  (*Id*. ¶ 33).   Defendant Thornhill handcuffed plaintiff, fastened the handcuffs to a security belt locked around plaintiff's waist, and ordered plaintiff to walk down the stairs and meet Correctional Officer Ritchie.   (*Id*.).   Plaintiff alleges that after descending several steps, his disabled leg collapsed beneath him and he fell thirteen steps to the concrete floor.  (*Id*. ¶ 34).  During the fall, plaintiff's head struck the steel stairs numerous times and slammed onto the concrete floor at the bottom of the stairs.  Plaintiff temporarily lost consciousness and was awakened by Officer Ritchie, who told plaintiff not to move.  Plaintiff's disabled leg was twisted and shaking, and plaintiff's feet were numb.  Plaintiff suffered pain in his head, back and right leg.  (*Id*. ¶¶ 34, 35).  Plaintiff was taken to the medical department where he was evaluated by ARNP Nichols.  (*Id*. ¶ 35).  Nichols admitted plaintiff to the infirmary where plaintiff remained for three days.  (*Id*. ¶ 36).  Plaintiff was provided medication for pain and an x-ray of his leg.  The x-ray "came back negative."  (*Id*.).  Upon plaintiff's discharge, he was assigned to a low-tier cell.  (*Id*. ¶ 37).

Based on the foregoing allegations, plaintiff asserts defendants Hood, Thornhill and Gielow were deliberately indifferent to his health and safety in violation of the Eighth Amendment.  (*Id*., p. 7).  As relief, plaintiff seeks a declaration that defendants

violated his constitutional rights, $50,000 in compensatory damages against each defendant, and $50,000 in punitive damages against each defendant. (*Id*.).

Defendants Gielow, Hood and Thornhill move to dismiss plaintiff's request for compensatory and punitive damages under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff alleges "nothing more than mere subjective pain" which is *de minimis* in nature and requires dismissal of his claims under 42 U.S.C. § 1997e(e). (Doc. 34). Plaintiff responds that he has stated a plausible Eighth Amendment claim against the defendants and that his allegations "aver[ ] substantial damages awardable to compensatory nominal and punitive damages for actual injury suffered as a result of the violation of constitutional rights." (Doc. 40).

## DISCUSSION

A complaint, or any claim therein, is subject to dismissal under Rule 12(b)(6) when the allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

Section 1997e(e), which is an affirmative defense, provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or commission of a sexual act." 42 U.S.C. § 1997e(e); *see Douglas v. Yates*, 535 F.3d 1316, 1320-21 (11th Cir. 2008) (holding that § 1997e(e) is an affirmative defense and not a jurisdictional limitation). Section 1997e(e) is "[r]ead as a limitation on a damages remedy only [.]" *Harris v. Garner*, 190 F.3d

1279, 1288 (11th Cir.) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *vacated*, 197 F.3d 1059 (11th Cir. 1999), *reinstated in relevant part*, 216 F.3d 970, 972, 985 (11th Cir. 2000). Section 1997e(e) precludes the recovery of compensatory and punitive damages without a prior showing of physical injury. *Al-Amin v. Smith*, 637 F.3d 1192, 1197-98 (11th Cir. 2011). This physical injury must be greater than *de minimis*. *Harris v. Garner*, 190 F.3d at 1286-87. Section § 1977e(e) applies even if the prisoner does not allege mental or emotional injury. *Cf. Al-Amin*, 637 F.3d at 1196-97 & n.5 (explaining that applying the physical-injury requirement only in cases in which a plaintiff affirmatively has alleged mental or emotional injuries would lead to illogical results).

This action, brought by plaintiff under 42 U.S.C. § 1983, is a federal civil action under § 1997e(e). *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) ("[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims."). Plaintiff was a prisoner at the time he filed this action and complains of harm that occurred while in custody. Plaintiff's damages claims are based on the alleged injuries plaintiff's suffered as a result of his fall and/or the fact of the alleged unconstitutional conduct itself, divorced from any mental or emotional injury plaintiff suffered. Plaintiff's alleged injuries include hitting his head on the steel steps and concrete floor; temporarily losing consciousness; "damage" to plaintiff's back; severe twisting and numbness in one or both legs and feet; and severe pain in plaintiff's head, back and right leg – the cumulative effect of which required a 3-day stay in the infirmary. (Doc. 20 ¶¶ 34, 35).

The purpose of deciding at this early stage of the litigation whether § 1997e(e) bars plaintiff's claims for compensatory and punitive damages is unclear, as that would not end the litigation or change the landscape of this case.  Nominal damages and other relief would still be recoverable.  *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) (holding that § 1997e(e) does not bar the recovery of nominal damages), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. —, 131 S. Ct. 1651, 1657 n. 3 (2011); *see also Logan v. Hall*, — F. App'x —, 2015 WL 1262152, at *2 (11th Cir. Mar. 20, 2015) ("While a *pro se* plaintiff may not have requested nominal damages specifically in his complaint, in light of the liberal construction afforded *pro se* pleadings, a district court should consider whether such damages are recoverable before dismissing a complaint." (*citing Hughes v. Lott*, 350 F.3d 1157, 1162-63 (11th Cir. 2003), *and* Fed. R. Civ. P. 54(c) (providing that with the exception of default judgments, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading"))).  Although plaintiff's third amended complaint specifically requests only declaratory relief, compensatory damages and punitive damages, plaintiff's pleadings, as a whole, may be liberally construed as seeking nominal damages as well.  *See* Doc. 1, p. 10 (plaintiff's original complaint requesting "any additional relief this court deems just, proper, and equitable"); Doc. 40, p. 6 and Attach. Hall Decl. (plaintiff's response to motion to dismiss clarifying that plaintiff seeks nominal damages in addition to other relief).

If required to decide the issue, the undersigned would conclude that plaintiff's allegations are sufficient to raise a reasonable inference that plaintiff suffered more than a *de minimis* physical injury, which is all that is required at this early stage of the

litigation.  Further factual development is needed to determine whether plaintiff's injuries were more than *de minimis*, and even with the benefit of such development, a jury question may appear.

Accordingly, it is respectfully RECOMMENDED:

1.  That defendants' Hood, Gielow and Thornhill's motion to dismiss (doc. 34) be DENIED.

2.  That defendants Hood, Gielow and Thornhill be ordered to file an answer to the third amended complaint within a time certain.

At Pensacola, Florida this 15th day of May, 2015.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.